IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES IRBY                                                                                          PLAINTIFF

VS.                                                              CIVIL ACTION NO. 2:09cv204-KS-MTP

RON KING, et al.                                                                                DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court upon a Motion [16] to Dismiss for Failure to Exhaust Available Administrative Remedies filed by Defendants Ron King and Jean Kirkwood. Plaintiff is proceeding *pro se* and *in forma pauperis*. Having considered the submissions of the parties, all documents made a part of the record in this case, and the applicable law, the undersigned recommends that the motion be granted and that Plaintiff's Complaint [1] be dismissed without prejudice for failure to exhaust administrative remedies.

### Factual Background

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff, a convicted inmate incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi (SMCI), filed this lawsuit on September 28, 2009, alleging that he has been denied access to the courts at SMCI. Defendants moved to dismiss for failure to exhaust on January 8, 2010.

### Summary Judgment Standard

Because Defendants have submitted matters outside the pleadings with their Motion to Dismiss [16], the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the

2

necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Analysis

42 U.S.C. § 1997e(a) requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "[P]*roper* exhaustion of administrative remedies is necessary," meaning that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006) (emphasis added); *see also Johnson v. Ford*, 2008 WL 118365, at * 2 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, 2008 WL 116333, at * 1 (5th Cir. Jan. 11, 2008) (under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.") (citation omitted).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") "through which an offender may seek formal review of a complaint relating to any aspect of their incarceration." *See* MDOC Inmate Handbook, Ch. VIII, ¶ 3 (available at http://www.mdoc.state.ms.us/Inmate Handbook/Chapter%20VIII.pdf). The ARP is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may appeal to the Superintendent or Warden of

the institution, who will then issue a Second Step Response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a Third Step Response is issued. At this time, the Administrator of the ARP will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies and can now proceed to court. *See* id., Ch. VIII; *see also Cannady v. Epps*, 2006 WL 1676141, at * 1 (S.D. Miss. June 15, 2006).

Plaintiff alleges that he initiated the ARP process on September 1, 2009 by submitting a Request for Administrative Remedy. *See* Response [18] to Motion at 2; *see also* Affidavit of Joseph Cooley, Administrator Program Investigator II, for the ARP at SMCI (Exh. B to Motion) ¶ 3. However, Plaintiff filed his Complaint [1] in this action on September 28, 2009, before alleges that he received a written response to the Second Step (on November 23, 2009). *See* Response to Motion at 2. Plaintiff has now proceeded to the Third Step, but as of the date of Plaintiff's response to Defendants' motion (February 17, 2010), he had not yet received a response. *See id.*; *see also* Cooley Aff. ¶¶ 4-5.

Defendants argue that Plaintiff's complaint should be dismissed without prejudice for failure to exhaust due to Plaintiff's failure to complete the Third Step of the ARP process and to obtain a certificate certifying completion. In response, Plaintiff argues that because more than 90 days have elapsed from when he initiated the ARP process, and he still has not received a Third-Step response, his failure to complete the ARP process should be excused.[1] Although this

---

[1] "Unless an extension has been granted, no more than 90 days shall elapse from beginning the process to ending the process. Absent such an extension, expiration of response time limits without receipt of a written response shall entitle the inmate to move on to the next step in the process." *See* MDOC Inmate Handbook, Ch. VIII, ¶ IX. The handbook allows for an extension of five days for a Third Step Response, and states that "[i]n no case may cumulative extensions exceed 25 days." *See id.* There is no indication in the record that any extensions were sought or granted.

4

argument may have merit,[2] the fact of the matter is that Plaintiff filed the instant lawsuit prior to even receiving a First-Step response to his initial grievance, which means that he failed to comply with the express requirement of the PLRA "that administrative remedies be exhausted *before* the filing of suit." *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 127 S.Ct. 910 (2007) (emphasis in original). As the Fifth Circuit has stated: "Because § 1997e requires exhaustion of administrative remedies before an action is brought in federal court, a strict reading of the statute would dictate dismissal of [plaintiff's] claims [which were not exhausted until after he filed the lawsuit]." *Underwood*, 151 F.3d at 296 (upholding lower court's dismissal of prisoner's claims for failure to exhaust prior to filing suit, and stating that "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures."). Indeed, "[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 891 (citing *Underwood*, 151 F.3d at 296). *See also Knighten v. Vogelgesang*, 119 Fed. Appx. 680, 681 (5th Cir. Jan. 20, 2005) ("Because Knighten filed suit prior to the expiration of time for prison officers to respond to his grievances, his complaint was properly dismissed for

---

[2] The Fifth Circuit has held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired." *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 127 S.Ct. 910 (2007) (holding that prisoner exhausted administrative remedies when he filed a step three grievance through the Texas Department of Criminal Justice three-step grievance process, but did not receive a timely response).

failure to exhaust his remedies.") (citation omitted); *Scott v. Graham*, 54 Fed. Appx. 405, at * 1 (5th Cir. Oct. 28, 2002) ("Scott did not exhaust his claim through Step 2 of the Texas Department of Criminal Justice's [three-step] grievance system prior to filing his civil rights complaint. Scott's civil rights complaint was filed prematurely, and the district court committed no error in dismissing his suit without prejudice for failure to exhaust administrative remedies.") (citations omitted); *Paulino v. U.S.*, 2009 WL 2996678, at * 14 (E.D. Tex. Sept. 15, 2009) ("In other words, the exhaustion process must be completed before the federal lawsuit is filed; even complete exhaustion following the filing of the lawsuit is not sufficient.")

Accordingly, as Plaintiff prematurely filed the instant lawsuit prior to exhausting his administrative remedies, as required under the PLRA, the court finds that it should be dismissed without prejudice for failure to exhaust administrative remedies.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of this court that Defendants' Motion [16] to Dismiss for Failure to Exhaust Available Administrative Remedies should be granted and that Plaintiff's Complaint [1] should be dismissed without prejudice for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with

instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 2nd day of March, 2010.

                                                                         s/ Michael T. Parker
                                                                         United States Magistrate Judge