**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**


**JAMES IRBY**                                                                                    **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 2:09cv204-KS-MTP**

**RONALD KING, et al.**                                                                        **DEFENDANTS**


**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
**GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST**
**ADMINISTRATIVE REMEDIES**


THIS MATTER is before the court upon a Motion [16] to Dismiss for Failure to Exhaust

Available Administrative Remedies filed by Defendants Ron King and Jean Kirkwood. Plaintiff

is proceeding *pro se* and *in forma pauperis*. Having considered the submissions of the parties, all

documents made a part of the record in this case, and the applicable law, the undersigned

recommends that the motion be granted and that Plaintiff's Complaint [1] be dismissed without

prejudice for failure to exhaust administrative remedies.


## I. PROCEDURAL HISTORY

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff, a convicted inmate

incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi (SMCI),

filed this lawsuit on September 28, 2009, alleging that he has been denied access to the courts at

SMCI. Defendants moved to dismiss for failure to exhaust on January 8, 2010.

Magistrate Judge Michael T. Parker entered the Report and Recommendation [19] in this

case on March 2, 2010, and the Petitioner subsequently filed his Objection[20] to the Report and

Recommendation on March 22, 2010.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection to the Report and Recommendation, the Petitioner maintains that the exhaustion requirement should be waved as to his Complain [1] since he has not received a third - step response within the 90 day period allowed under the ARP. Contrary to the Petitioner's assertion that there remains a question of material fact in this case, the question postulated by the Petitioner [20 at p. 2] is clearly a question of law. There are no questions of material fact left to

2

resolve in this case. The Petitioner started the ARP process by filing a grievance on September 1, 2009. *See* Response [18] to Motion at 2; *see also* Affidavit of Joseph Cooley, Administrator Program Investigator II, for the ARP at SMCI (Exh. B to Motion) ¶ 3. The instant case was filed on September 28, 2009. *See* Complaint [1]. MDOC policy mandates that the ARP process shall be completed within 90 days of the initial complaint. *See* MDOC Inmate Handbook, Ch. VIII, ¶ IX. However, the Petitioner admits that he filed this case before he received a second-step response on November 23, 2009. *See* Response [18] to Motion at 2. Therefore, this suit is untimely since it was filed before the 90 day period had expired.[1] Therefore, the grounds upon which the Petitioner asserts that the exhaustion requirement should be waived did not exist at the time the present suit was filed. Therefore, as the Report and Recommendation correctly concludes, the Defendants' Motion [16] to Dismiss for Failure to Exhaust Available Administrative Remedies should be granted and that Plaintiff's Complaint [1] should be dismissed without prejudice for failure to exhaust administrative remedies.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Irby's objections lack merit and should be overruled. The

---

[1]The Fifth Circuit has held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired." *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 127 S.Ct. 910 (2007) (holding that prisoner exhausted administrative remedies when he filed a step three grievance through the Texas Department of Criminal Justice three-step grievance process, but did not receive a timely response).

Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and the Defendants' Motion [16] to Dismiss for Failure to Exhaust Available Administrative Remedies is well taken and is hereby **granted** and that Plaintiff's Complaint [1] is **dismissed without prejudice** for failure to exhaust administrative remedies.

SO ORDERED AND ADJUDGED on this, the 22nd day of July, 2010.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE